IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERRY LEE FLEMING, #165890, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03-CV-354-F |
| ) | [WO] |
| DR. TAHIR SIDDIQ, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Perry Lee Fleming ["Fleming"], a state inmate, maintains that the defendants violated his constitutional rights by failing to provide him with adequate medical treatment for a sinus condition. Fleming names Dr. Tahir Siddiq, Dr. Robert C. Caine, nurse Brown, NaphCare Medical Services, Inc., and warden Arnold Holt as defendants in this cause of action. The plaintiff seeks monetary damages and treatment by a free-world specialist.

The defendants filed special reports and supporting evidentiary materials addressing the plaintiff's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat these reports as motions for summary judgment. *See Order of July 25, 2003 - Court Doc. No. 14*. Thus, this case is now pending on the defendants' motions for summary judgment.

Upon consideration of the motions, the evidentiary materials filed in support thereof,

and the plaintiff's response in opposition to the motions, the court concludes that the defendants' motions for summary judgment should be granted.

## I.  FACTS

Fleming has had sinus problems since 1994.  He complains that during his confinement in the Bullock County Correctional Facility in April of 2002 the "condition worsened", and the defendants failed to provide appropriate medical treatment.  *Plaintiff's March 10, 2004 Response in Opposition to the Defendants' Written Report* at 5.  He further contends that the course of treatment undertaken by the defendants failed to improve his condition, thereby warranting treatment by an ear, nose and throat ["ENT"] specialist whom the defendants refused to secure for him.

The defendants deny that they acted with deliberate indifference to Fleming's sinus condition and, instead, maintain that they provided Fleming with all necessary treatment for this condition.  The undisputed medical records indicate that medical personnel evaluated and provided treatment to the plaintiff each time he reported to the health care unit.  The treatment prescribed depended upon the observations and evaluations of his condition by the attending health care professional.  These records further establish that the defendants prescribed various medications, including antibiotics, and ordered X-rays in an effort to treat the symptoms exhibited by Fleming and observed by medical personnel.

On 30 January 2002, the attending physician prescribed a nasal spray and an x-ray

of Fleming's sinus cavity. Fleming underwent the x-ray on the following day. The radiology report indicated that "[t]here appears to be a rounded mass density in the inferior portion of the left maxillary antrum; this most likely is a polyp or mucous retention cyst. No evidence of sinusitis within the sinuses." *Defendant's Exhibit A - Medical Records of Perry Lee Fleming* at 8.

Fleming continually received antibiotics and other medications as treatment for the condition indicated by the sinus series. Health care personnel also routinely prescribed medications as needed in response to Fleming's various complaints. On 8 March 2002, Fleming submitted a request form in which he demanded an appointment with an ENT specialist. *Id*. at 5-6. On 14 March 2002, a nurse practitioner examined him and ordered Tylenol.

The nurse discussed Fleming's condition and his request for evaluation by an ENT with Dr. Darbouze. On 25 March 2002, after examining Fleming and reviewing his medical records, Dr. Darbouze determined that the his condition did not require an external referral. *Id*. at 5. He ordered that Fleming's previously prescribed medications be continued and added a prescription for Benadryl. *Id*.

On 18 April 2002, Fleming again submitted a health services request form in which he complained of sinus problems. *Id*. at 2 ("When blowing nose to clear passage, I often draw blood and my sinuses carry a foul odor. All medication I've tried has failed. I need to see an ENT doctor."). In response to these complaints, Dr. Siddiq examined Fleming

on 19 April 2002. *Defendant's Exhibit A - Medical Records of Perry Lee Fleming* at 3. During this examination, Dr. Siddiq could not find any evidence to verify his complaints of sinus problems. He found no indication of sinus drainage and did not detect a foul odor. *Id*. Rather, Dr. Siddiq diagnosed Fleming with an upper respiratory infection and treated him for this condition. Moreover, "[a] sinus series obtained on May 3, 2003, . . . failed to reveal either sinusitis or the previously mentioned 'mass density.' . . . [T]he 'polyp' somehow 'disappeared.'

It is possible that there was some earlier inflammation that appeared to be a 'mass' that resolved in the interim." *Defendants' Exhibit B - Affidavit of Dr. James F. DeLong* at 3. Dr. DeLong further noted that Fleming's sinus condition did not require "consulting an ear, nose, and throat specialist . . ." *Id*.

## II.  STANDARD OF REVIEW

To survive the defendants' properly supported motions for summary judgment, the plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claim. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could

4

reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990).  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996) .

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

In this case, Fleming has failed, after being afforded an opportunity to do so, to go beyond the pleadings and present evidence necessary to establish that there is a genuine issue of material fact in order to preclude summary judgment.

### III.  DISCUSSION

To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing medical treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986).

Prison medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787.  Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058

(citation omitted).

Even if the physicians or medical personnel were "careless", Fleming cannot assert a cause of action under the constitution. Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel,* 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference).

Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). A prison medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994).

In the instant case, Fleming repeatedly requested treatment by a specialist. However, the mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

The undisputed evidentiary materials submitted by the defendants demonstrate that prison medical personnel routinely examined Fleming, evaluated his condition and responded in an appropriate manner to his requests for treatment. *See Medical Defendants' Exhibit A - Medical Records of Perry Lee Fleming.* These materials also establish that Dr. Siddiq and other physicians prescribed various medications during their treatment of Fleming's sinus condition. *Id.*

Moreover, the evidentiary materials demonstrate that a sinus series performed in May of 2003 "failed to reveal either sinusitis or . . . the 'mass density'" indicated on the January 31, 2002 X-ray. *Defendants' Exhibit B - Affidavit of Dr. James F. DeLong* at 3. It is therefore clear that the course of treatment undertaken by the defendants was neither grossly incompetent nor constitutionally inadequate. In light of the foregoing, it is clear that the plaintiff has utterly and completely failed to establish that the defendants acted with deliberate indifference. Summary judgment is therefore due to be granted in favor of the defendants.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before **18 August 2005** the parties shall file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of August, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE